## WARTH et al. v. HERMAN.

(Supreme Court, Appellate Division, Second Department. May 26, 1911.)

Appeal from Special Term, Richmond County.

Action by Mary Louise Warth and others against Martin Herman. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, and WOODWARD, JJ.

Selden Bacon, for appellant.

Wm. Allaire Shortt (Saul S. Myers, on the brief), for respondents.

PER CURIAM. Judgment affirmed. with costs, on the authority of Bardes v. Herman, 129 N. Y. Supp. 723, decided herewith.

RICH, J., not voting.

---

## CENTRAL TRUST CO. OF NEW YORK v. MANHATTAN TRUST CO. et al.

(Supreme Court, Appellate Division, First Department. May 19, 1911.)

1. DAMAGES (§ 6*)—FOLLOWING TRUST FUNDS—EVIDENCE.

While plaintiff suing in equity for the value of corporate stock and bonds, converted by defendant, has the burden of proving the loss sustained by defendant's acts, the court will seek by such evidence as is applicable to ascertain as nearly as possible the amount of damages suffered, and will resort to some practicable means to ascertain the damages, though the ordinary methods of proof are unavailable.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 5; Dec. Dig. § 6.*]

2. DAMAGES (§ 6*)—CONSTRUCTIVE TRUST—ENFORCEMENT—EVIDENCE.

A defendant, with knowledge of plaintiff's claim of a prior lien on corporate stock and bonds, sold the same at auction. The securities were bid in by one liable on notes intended to be secured by the pledge of the securities to defendant, and the notes were turned in instead of cash for a part of the price with the assent of defendant. Subsequently plaintiff obtained a judgment establishing his prior lien. There was no market value of the stock and bonds at the time of the sale at auction and no actual value ever attached to them. *Held*, that plaintiff could recover the amount of the bid at the sale; defendant becoming a trustee de son tort for the benefit of plaintiff.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 5; Dec. Dig. § 6.*]

3. APPEAL AND ERROR (§ 1122*)—DISPOSITION OF CASE ON APPEAL—FINDINGS OF FACT.

The Appellate Division on appeal may not make findings of fact nor assess in the first instance damages on conflicting evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4420; Dec. Dig. § 1122.*]

4. APPEAL AND ERROR (§ 1122*)—DISPOSITION OF CASE ON APPEAL—FINDINGS OF FACT.

Where the evidence is not conflicting, and the undisputed facts are embraced in the findings of the referee, the Appellate Division may award damages based on a calculation from the admitted facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4420; Dec. Dig. § 1122.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes